# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 17-722V
## Filed: September 23, 2019
UNPUBLISHED

| | |
|---|---|
| LINDA CHEN, parent of K.N., a minor,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Master Horner<br><br>Interim Attorneys' Fees and<br>Costs Decision; Excessive<br>Billing |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.*
*Mollie Danielle Gorney, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On May 31, 2017, petitioner filed a claim filed on behalf of her minor daughter, K.N., for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-10 to 34 (2012). The petition alleged that K.N. suffered from a neurological demyelinating disorder as a result of her receipt of a Tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on June 7, 2014. (Pet., p. 1.)

On June 14, 2019, petitioner filed a motion for Interim Attorneys' Fees and Costs. (ECF No. 46.) Petitioner requested $29,130.80 in interim attorneys' fees and $9,130.96 in interim attorneys' costs, for a total request of $38,261.76. (*Id.* at 1-2.)

On June 17, 2019, respondent filed a response to petitioner's motion, stating that, "[r]espondent defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award as set forth in *Avera v.*

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

*HHS* and the statutory requirements for an award of attorney's fees and costs under 42 U.S.C. §§ 300aa-15(e)(1)(A)-(B)."[2]  (ECF No. 47, p. 2 (citations omitted).)  Respondent requested the special master exercise his discretion and determine a reasonable award for interim attorneys' fees and costs.  (*Id.* at 3.)

On August 28, 2019, this case was reassigned to my docket.  (ECF No. 49.)  This matter is now ripe for consideration.

## I.    DISCUSSION

### A.  Entitlement to Fees Under the Vaccine Act

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  § 300aa–15(e)(1)(A)–(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

#### a.  Interim Fee Awards are Appropriate Under the Vaccine Act

The Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Services*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352.  In *Avera*, the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  *Id.*  In denying an interim fee award, the *Avera* court reasoned, "The amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal."  *Id.*  In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375.

#### b.  Interim Fees are Appropriate in this Case

Petitioners are entitled to a presumption of good faith.  *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996).  There is no evidence that this petition was brought in bad faith.  Petitioner filed medical records that provide some objective evidence supporting her claim along with an expert report.  Upon review of these submissions, I find that petitioner met the good faith and reasonable basis requirements.  Moreover, respondent did not raise any specific objections to an award of interim attorneys' fees and costs at this time.  Additionally, this case has been pending for over two years without any immediate resolution of entitlement expected and the total amount requested for attorneys' fees and costs are not insignificant,

---

[2] Referencing *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008).

totaling more than $30,000.  Therefore, I find that an award of interim attorneys' fees and costs is reasonable at this juncture.

## B.  Reasonableness of Requested Attorneys' Fees and Costs

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1347.  This is a two-step process.  *Id.* at 1347-48.  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

### a.  Reasonable Attorneys' Fees

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'"  *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### i.  Hourly Rates

A reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Avera*, 515 F.3d at 1348 (citation and quotation omitted).  In *Avera*, the Federal Circuit found that in Vaccine Act cases, the special master should use the forum rate, i.e., the DC rate, in determining an award of attorneys' fees unless the bulk of the work is completed outside of the District of Columbia and there is a "very significant difference" between the forum hourly rate and the local hourly rate.  515 F.3d at 1349 (citing *Davis County Solid Waste Mgmt. & Energy Recovery Spec. Serv. Dist. v. U.S. Envtl. Prot. Agency,* 169 F.3d 755 (D.C. Cir. 1999)).

The decision in *McCulloch* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motions for recons. denied*, 2015

WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Office of Special Masters has subsequently updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, and 2019 can be accessed online.[3]

Based on my experience and review of the billing records submitted by petitioner, I find petitioner's attorneys' fees rates to be acceptable and in conformance with what the other special masters have awarded Conway Homer firm attorneys, law clerks, and paralegals and in accordance with the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedules.

## ii.    Hours Expended

Special masters may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  Special masters have also previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  *See Sabella*, 86 Fed. Cl. at 209.  Additionally, special masters have previously found it reasonable to reduce the fees paid to petitioners due to billing for intra-office communication.  *Soto v. Sec'y of Health & Human Servs.*, No. 09-897V, 2011 WL 2269423, at *6 (Fed. Cl. Spec. Mstr. June 7, 2011); *Carcamo v. Sec'y of Health & Human Servs.,* No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011).

After reviewing the billing records, I find that counsel included entries that are duplicative due to attorneys, law clerks, and paralegals billing for attending the same case meetings/conferences, communicating with each other regarding the same matters, and reviewing the same email/court order.[4]  Additionally, I find it excessive for

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Sch edule%202019.pdf.  The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323.

[4] There were duplicative billing for intra-office meetings and intra-office communications on April 25, 2017, June 9, 2017, August 8, 2017, August 21, 2017, September 15, 2017, September 28, 2017, November 2, 2017, November 17, 2017, November 29, 2017, March 12, 2018, March 14, 2018, March 15, 2018, March

two attorneys to draft and edit the same one-page motions for extension of time and to conduct research regarding reasonable expert fees.[5]  For duplicative entries, time billed at the lower rate was deducted and for excessive entries, only time billed from Christina Ciampolillo, the lead attorney, was awarded.  These duplicative and excessive billing entries result in a **reduction of $715.90** of the interim fee award.

### b.  Reasonable Attorneys' Costs

Attorneys' costs must be reasonable as well.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs.").

Petitioner requests a total of $9,130.96 in attorneys' costs.  This amount includes the cost of obtaining medical records and articles, postage, the Court's filing fee, and work performed by Dr. Robert T. Stone at an hourly rate of $400.  (ECF No. 46, Tab B.) Petitioner have provided adequate documentation supporting the requested costs and all appear reasonable in my experience.

## II.   CONCLUSION

In light of the above, petitioner's application for interim attorneys' fees and costs is **GRANTED** with reductions as follows:

| | |
|---|---|
| Interim Attorneys' Fees Requested | $29,130.80 |
| (Reduction of Interim Fees) | -($715.90) |
| **Total Interim Attorneys' Fees Awarded** | **$28,414.90** |
| | |
| Interim Attorneys' Costs Requested | $9,130.96 |
| **Total Interim Attorneys' Costs Awarded** | **$9,130.96** |
| | |
| **Total Interim Attorneys' Fees and Costs** | **$37,545.86** |

Accordingly, petitioner is awarded **$37,545.86**, representing $28,414.90 in interim attorneys' fees and $9,130.96 in interim attorneys' costs, in the form of a check made payable jointly to petitioner and Conway Homer, PC.

---

16, 2018, March 19, 2018, April 26, 2018, May 22, 2018, June 5, 2018, June 19, 2018, August 15, 2018, September 12, 2018, and March 26, 2019.  This results in an initial reduction of $506.00.

[5] There were excessive billing entries for time billed for on February 13, 2018, September 10, 2018, March 19, 2019, May 6, 2019, and May 8, 2019.  This results in a reduction of $209.90.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[6]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).