# In the United States Court of Federal Claims

**No. 17-722V**
**Filed: August 2, 2023**
**Reissued for Publication: August 22, 2023[1]**

```
* * * * * * * * * * * * * * *   *
K.N.,                            *
                                 *
                 Petitioner,     *
         v.                      *
                                 *
SECRETARY OF THE DEPARTMENT      *
OF HEALTH AND HUMAN SERVICES,    *
                                 *
                 Respondent.     *
                                 *
* * * * * * * * * * * * * * *   *
```

**Ronald C. Homer**, Conway Homer, P.C., Boston, MA, for petitioner. With him was **Christina Ciampolillo**, Conway Homer, P.C., Boston, MA.

**Naseem Kourosh**, Trial Attorney, Torts Branch, Washington, DC, for respondent. With her were **Lara A. Englund**, Assistant Director, Torts Branch, Washington, DC, **Heather L. Pearlman**, Deputy Director, Torts Branch, Washington, DC, **C. Salvatore D'Alessio**, Director, Torts Branch, Washington, DC, **Brian M. Boynton**, Principal Deputy Assistant Attorney General, all of the Civil Division, United States Department of Justice, Washington, DC.

## O R D E R

**HORN, J.**

The Motion for Review before this court was filed as a result of the denial by Chief Special Master Brian Corcoran of the current petitioner's request to redact her full name to initials, redact her birth day and month, redact her mother's full name to initials and redact petitioner's mental health diagnoses and prescription medications from the Chief Special Master's January 3, 2023 Decision Awarding Damages. In her Motion for Review, unlike in previous Motions to Redact that petitioner had filed with the Chief Special Master, petitioner did not request to redact petitioner's mental health diagnoses and prescription

---

[1] This Order was issued under seal on August 2, 2023. The parties did not propose any redactions to the August 2, 2023 Order, and the court, therefore, issues the Order without redactions for public distribution.

medications. Prior to the Motion for Review filed in this court, a number of unreported orders and reported decisions had been issued in this case, as well as multiple Motions to Redact filed before the Office of Special Masters.

On May 31, 2017, the original vaccine petition was filed with the Office of Special Masters by the petitioner's mother with the following caption: <u>Linda Chen, parent of K.N., a minor v. Secretary of Health and Human Services</u>, Case No. 17-722V. An amended petition was filed on October 10, 2018, with the same case caption. The amended petition alleged that the current petitioner had received a Tetanus-diphtheria-acellular pertussis vaccination on June 7, 2014 and alleged that she suffered injuries as a result. The case was originally assigned to Special Master Herbrina Sanders on June 1, 2017. On August 28, 2019, the case was reassigned to Special Master Daniel Horner. On September 23, 2019, a Decision Awarding Interim Attorneys' Fees and Costs was issued as an unreported decision by Special Master Horner, which reflected the mother's name in the case caption, but referred to the mother only as "petitioner" in the body of the decision and referred to the current petitioner by her initials in the case caption and in the body of the decision. <u>See</u> <u>Chen v. Sec'y of Health & Hum. Servs.</u>, No. 17-722V, 2019 WL 5293486 (Fed. Cl. Spec. Mstr. Sept. 23, 2019). On July 30, 2020, the case was reassigned to Chief Special Master Brian Corcoran.

Thereafter, on July 2, 2021, the Chief Special Master issued an Entitlement Ruling in favor of the petitioner, with the caption <u>L.C. v. Secretary of Health and Human Services</u>, No. 17-722V, 2021 WL 3630315 (Fed. Cl. Spec. Mstr. July 2, 2021). Subsequently, on August 2, 2021, the Chief Special Master granted a Motion to Redact petitioner's mother's name to initials, as well as granted the request to redact the still minor petitioner's name to initials whenever the names appeared in the July 2, 2021 Entitlement Ruling, including in the case caption. In the Order Granting the Motion to Redact the Entitlement Ruling, the Chief Special Master indicated that "[t]he Vaccine Rules make mandatory the redaction of a minor's name, but adult petitioners' names (which are not similarly protected automatically) may also be redacted if the movant establishes proper grounds for so doing." (alteration added). The Chief Special Master also stated:

> Applying the relevant legal standards, Petitioner has sufficiently justified the redaction of her name from the Decision. As is consistent with Vaccine Program practice, K.N. has already had her name reduced to initials. Thus, leaving Petitioner's name unredacted would circumvent the benefit of the minor name redaction in this case, especially given the unique nature of medical harms alleged. The public purpose of the Vaccine Program is not otherwise furthered by identifying the name of the Petitioner herein.

On May 31, 2022, petitioner filed a motion to amend the case caption, in which the current petitioner indicated that she had turned eighteen, "making her the appropriate petitioner rather than her mother." This motion to amend the case caption also requested that the "case caption refer only to her [the current petitioner] by initials," (alteration added), because, as indicated by petitioner,

[d]ue to the nature of K.N.'s injury, and that it specifically involves a traumatic brain injury, petitioner remains concerned that publication of this information could adversely affect K.N.'s future education and employment opportunities. Additionally, in the event that pre-existing injuries will influence private health insurance coverage in the future, petitioner is concerned that publication of the details of K.N.'s injuries could adversely affect her ability to obtain adequate and affordable coverage.

(alteration added; internal reference omitted).

On September 6, 2022, the Chief Special Master issued an order which granted the current petitioner's second request to redact and to change the case caption to reflect the current petitioner's name instead of her mother's name because the current petitioner had turned eighteen, but the Chief Special Master denied petitioner's request for redaction of her name from her full name to initials. The Chief Special Master found that "redaction has not been shown to be appropriate" because "the concerns argued as justifying redaction are far more speculative in nature," than the concrete and tangible concerns raised in other vaccine cases, without specifying which other vaccine cases.[2] Regarding the petitioner's request, the Chief Special Master also stated:

In the present matter, Petitioner argues that due to the nature of K.N.'s injury, publication of the details concerning it and associated treatment could adversely affect her ability to obtain adequate and affordable health care coverage. Moreover, Petitioner asserts that if her name remains discoverable, disclosure of such information would not only constitute an unwarranted invasion of privacy but could greatly impact future education and employment endeavors.

Citing W.C. v. Secretary of Health and Human Services, 100 Fed. Cl. 440 (2011) and Langland v. Secretary of Health and Human Services, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), two cases which provide guidance on how to interpret the Vaccine Act's direction to allow redaction of "medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy," 42 U.S.C. § 300aa-12(d)(4)(B)(ii), the Chief Special Master stated:

While these justifications have logic, I find them to be somewhat speculative at present—and thus not grounds for redaction, because the Petitioner has failed to elucidate how she meets the W.C. or Langland standards. Rather, the motion mainly relies on a naked assertion that Petitioner is concerned that "if her full name were to remain on the case caption, a simple internet search of her name will retrieve any Decision published to the Court's website" and that due to the unique nature of her injury, Petitioner remains

---

[2] In his denial of the current petitioner's request for redaction, the Chief Special Master, in a footnote, cited the Vaccine Act, 42 U.S.C. § 300aa-12(d)(4)(B)(ii) (2018), which provides that certain information may be redacted if its disclosure would constitute "a clearly unwarranted invasion of privacy."

concerned that publication of such information will constitute an unwarranted invasion of privacy and adversely affect future opportunities. But this assertion is true of literally *every* Vaccine Act litigant—and hence proposes too broad, and thus easily met, a standard. I have allowed a claimant's name to be redacted to their initials when they can show a *current* specific reason why the publication of their full name could harm them.

(emphasis in original; internal references omitted).

On January 3, 2023, the Chief Special Master issued his to be reported Decision Awarding Damages with the caption using petitioner's full name. The January 3, 2023 Decision Awarding Damages indicated:

Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

(emphasis in original).

On January 17, 2023, the current petitioner filed a third Motion to Redact with the Chief Special Master, this time regarding the January 3, 2023 Decision Awarding Damages. Petitioner requested:

- The Court redact her full name to her initials only (i.e. "K.N.") in the case caption, as well as the body of January 3, 2023 Decision Awarding Damages;
- The Court redact petitioner's mother's full name to initials only (i.e. "L.C.") in the body of the January 3, 2023 Decision Awarding Damages;
- The Court redact petitioner's birth date and month, leaving only the birth year, in the body of January 3, 2023 Decision Awarding Damages; and,
- The Court redact reference to petitioner's mental health diagnoses and prescription medications prescribed to treat her mental health diagnoses.

(capitalization in original).

In the third Motion to Redact, petitioner argued:

> As an initial matter, petitioner's injury involved a traumatic brain injury. If petitioner's full name remains discoverable, this could negatively impact her future education, employment, career opportunities and access to insurance, as an internet search could easily populate with the Court's Decision Awarding Damages. Similarly, because she intends to pursue a career in scientific research, the public disclosure and easy identification of her claim in the Vaccine Program could adversely affect her future by giving the impression of anti-vaccination leanings on this politically divisive issue. Petitioner's injury occurred while she was a minor and her claim was filed by her parents, on her behalf. As such, she did not overtly consent to the filing of her claim and did not anticipate that her medical history would be detailed in a Decision that could be published to the internet. Petitioner remains concerned that the Court's Decision Awarding Damages discusses diagnoses and treatment for her mental health.

(capitalization in original; internal references omitted). According to petitioner's third Motion to Redact, she had entered college and intends to "pursue a career in the scientific field, specifically scientific research focusing on microbiology, immunology and vaccines."

On February 1, 2023, the Chief Special Master issued a roughly four-page Order denying petitioner's third Motion to Redact the January 3, 2023 Decision Awarding Damages, of which approximately two pages contained the analysis of why the Chief Special Master had denied petitioner's redaction requests in full. In his February 1, 2023 Order, the Chief Special Master referenced his previous discussion of the W.C. case and the Langland case in his September 6, 2022 Order on a motion to redact by the petitioner. The Chief Special Master had found that petitioner had not sufficiently justified her most recent, third request for redaction, and stated in his February 1, 2023 Order, he was

> not ultimately persuaded that redaction is appropriate. I certainly find some logic in Petitioner's explanations for why she seeks redaction. However, she has not made out a *current*, concrete specific interest that justifies redaction—such as the fact that her employment is endangered by publication of her name or the fact of involvement in this case.

(emphasis in original). The Chief Special Master further indicated that he considered the current petitioner's articulated concern about the impact of revealing her diagnoses and medication as speculative and not warranting redaction as "a clearly unwarranted invasion of privacy," and that not including her name but using initials would create "some administrative issues for the Court, and makes it more difficult to distinguish cases from each other."[3]

---

[3] On February 28, 2023, following publication of the Decision Awarding Damages, initially filed on January 3, 2023, but made available to the public on February 27, 2023, petitioner filed an emergency motion to retract publication, which the Chief Special Master temporarily granted on March 1, 2023.

On March 3, 2023, petitioner timely filed a Motion for Review of the Chief Special Master's February 1, 2023 denial of her request to redact the Chief Special Master's January 3, 2023 Decision Awarding Damages with this court, pursuant to the Vaccine Act, 42 U.S.C § 300aa-12(e)(2), and the Motion for Review was assigned to the undersigned Judge. In the Motion for Review currently before this court, petitioner only requests that the court:

- Redact petitioner's full name to her initials only (i.e. "K.N.") in the case caption, as well as the body of January 3, 2023 Decision Awarding Damages;
- Redact petitioner's mother's full name to initials only (i.e. "L.C.") in the body of January 3, 2023 Decision Awarding Damages; and
- Redact petitioner's birth date and month, leaving only the birth year, in the body of the January 3, 2023 Decision Awarding Damages.

As noted above, unlike in previous Motions to Redact, the Motion for Review currently before this court, does not include a request to redact reference to petitioner's mental health diagnoses and prescription medications prescribed to treat her and does not argue that redaction is necessary to maintain access to health insurance.

After the filing of the Motion for Review currently under consideration by this court, the government filed a response supporting the Chief Special Master's denial of the third Motion to Redact, arguing, "Petitioner has not shown that the Chief Special Master's denial of redaction was arbitrary, capricious, an abuse of discretion, or not in accordance with law. Thus, the Chief Special Master's Order should be affirmed."

## DISCUSSION

The Vaccine Act was designed to achieve a number of goals, including to offer a user friendly forum for petitioners to pursue vaccine injury claims, build a history of usable decisions for reference, and increase public awareness of vaccines and possible medical conditions that have occurred after vaccination. See 42 U.S.C. § 300aa-10; W.C. v. Sec'y of Health & Hum. Servs., 100 Fed. Cl. at 461. Underlying how to approach requests for redaction is the general congressional intent that, in order to advance public health and public awareness about vaccines, and to collect and disseminate information about vaccines, including adverse reactions and injuries, Congress specifically required in the Vaccine Act that Special Masters' decisions generally be made available to the public. See 42 U.S.C. § 300aa–12(d)(4)(B); see also N.B. v. Sec'y of Health & Hum. Servs., No. 20-151V, 2023 WL 167011, at *3 (Fed. Cl. Spec. Mstr. Jan. 12, 2023) ("The disclosure of the additional information contained in the Fact Ruling is necessary to inform the public of the type of injuries related to the vaccination."); Windhorst v. Sec'y of Health & Hum. Servs., No. 13-647V, 2017 WL 728045, at *5 (Fed. Cl. Spec. Mstr. Jan. 10, 2017) ("Special masters have noted that in-depth decisions are necessary for the development of the common law in Vaccine Act cases.").

The Vaccine Act states:

> A decision of a special master or the court in a proceeding shall be disclosed, except that if the decision is to include information which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy, and if the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information.

42 U.S.C. § 300aa-12(d)(4)(B)(ii). The Vaccine Act further states that "[w]ithin 30 days after the Secretary receives service of any petition filed under section 300aa–11 of this title the Secretary shall publish notice of such petition in the Federal Register." 42 U.S.C. § 300a–12(b)(2) (alteration added). The Federal Register notice in petitioner's case reads in full: "Linda Chen on behalf of K.N., Boston, Massachusetts, Court of Federal Claims, No. 17-0722V," with no personal, medical, or prescription information included.

Also, pursuant to the Vaccine Act, the United States Court of Federal Claims promulgated specific Vaccine Rules which govern practice in vaccine cases before the court and before the Special Masters, including a rule regarding requests for redaction of decisions issued by Special Masters and by Judges of this court. Vaccine Rule 18(b) states:

> A decision of the special master or judge will be held for 14 days to afford each party an opportunity to object to the public disclosure of any information furnished by that party:
>
> **(1)** that is a trade secret or commercial or financial in substance and is privileged or confidential; or
> **(2)** that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy.
>
> An objecting party must provide the court with a proposed redacted version of the decision. In the absence of an objection, the entire decision will be made public.

Vaccine Rule 18(b) (2023) (emphasis in original).

In the Motion for Review currently before the court, petitioner has not specifically asked for redaction of "trade secret or commercial or financial" information. See 42 U.S.C. § 300aa-12(d)(4)(B); Vaccine Rule 18(b). Rather, as indicated above, she only has requested redaction of her "full name to her initials," her "mother's full name to initials," and "petitioner's birth date and month, leaving only the birth year." Although she had previously requested redaction of "medical files or similar files" in front of the Chief Special Master, the petitioner has not done so again in the Motion for Review currently under review by this court.

The court also notes that Rule 5.2 of the Rules of the United States Court of Federal Claims (RCFC), titled "Privacy Protection For Filings Made with the Court," instructs:

> **(a) Redacted Filings.** Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> **(1)** the last four digits of the social-security number and taxpayer-identification number (see RCFC 9(m) when pleading a claim for a tax refund);
> **(2)** the year of the individual's birth;
> **(3)** the minor's initials; and
> **(4)** the last four digits of the financial-account number.

RCFC 5.2 (2023) (emphasis in original).

The Vaccine Act at 42 U.S.C. § 300aa-12(e)(2) provides that when reviewing a Special Master's decision, a Judge of the United States Court of Federal Claims shall:

> (A) uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision,
> (B) set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or
> (C) remand the petition [filed under § 300aa-11] to the special master for further action in accordance with the court's direction.

42 U.S.C. § 300aa-12(e)(2) (alteration added); see also Munn v. Sec'y of Health & Hum. Servs., 970 F.2d 863, 867 (Fed. Cir. 1992); Civatte v. Sec'y of Health & Hum. Servs., 165 Fed. Cl. 520, 527 (2023) ("This court 'may set aside the decision of a special master only if the special master's fact findings are arbitrary and capricious, its legal conclusions are not in accordance with law, or its discretionary rulings are an abuse of discretion.'" (quoting Turner v. Sec'y of Health & Hum. Servs., 268 F.3d 1334, 1337 (Fed. Cir. 2001)); Henkel v. Sec'y of Health & Hum. Servs., 165 Fed. Cl. 153, 157 (2023). As explained by the United States Court of Appeals for the Federal Circuit:

> With regard to both fact-findings and fact-based conclusions, the key decision maker in the first instance is the special master. The Claims Court owes these findings and conclusions by the special master great deference—no change may be made absent first a determination that the special master was "arbitrary and capricious."

<u>Munn v. Sec'y of Health & Hum. Servs.</u>, 970 F.2d at 870; <u>see also</u> 42 U.S.C. § 300aa-12(e)(2)(B); <u>Porter v. Sec'y of Health & Hum. Servs.</u>, 663 F.3d 1242, 1249 (Fed. Cir. 2011) ("We do not reweigh the factual evidence, assess whether the special master correctly evaluated the evidence, or examine the probative value of the evidence or the credibility of the witnesses—these are all matters within the purview of the fact finder." (citing <u>Broekelschen v. Sec'y of Health & Hum. Servs.</u>, 618 F.3d 1339, 1349 (Fed. Cir. 2010) (citing <u>Munn v. Sec'y of Health & Hum. Servs.</u>, 970 F.2d at 871))).

Before this court is the petitioner's Motion for Review of the Chief Special Master's February 1, 2023 Order Denying Petitioner's Motion to Redact the January 3, 2023 Decision Awarding Damages. The Chief Special Master's denial stated:

> I am not ultimately persuaded that redaction is appropriate. I certainly find some logic in Petitioner's explanations for why she seeks redaction. However, she has not made out a *current*, concrete specific interest that justifies redaction—such as the fact that her employment is endangered by publication of her name or the fact of involvement in this case. <u>See, e.g.</u>, <u>S.B. v. Sec'y of Health & Hum. Servs.</u>, No. 14-918V, slip op. (Fed. Cl. Spec. Mstr. Feb. 9, 2016) (finding that petitioner had established that his professional life could be negatively impacted by knowledge of his claim and details relating to his medical treatment); <u>K.L. v. Sec'y of Health & Hum. Servs.</u>, No. 12-312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's renewed motion for redaction because she established that disclosure of her injuries would cause her harm in the employment context).

(emphasis in original). The Chief Special Master also indicated that

> the harm Petitioner envisions—that one day she may work in a science or health care context—remains speculative and inchoate. Such circumstances—where a claimant *anticipates* harm that does not emanate from some demonstrated existing interest—have not been deemed sufficient grounds to redact a claimant's name from a Vaccine Program opinion.

(emphasis in original). Moreover, according to the Chief Special Master, he did not consider the petitioner's articulated concerns about the impact of revealing her diagnoses and medication to be "a clearly unwarranted invasion of privacy."

In petitioner's Motion for Review currently before this court, she argues that the Chief Special Master improperly required her to show a "*current*, concrete specific interest that justifies redaction." (emphasis in original). Petitioner states:

> While the Vaccine Act requires a petitioner to demonstrate a "clearly unwarranted invasion of privacy" (§12(d)(4)(B)), and the US Supreme Court, as adopted by the CFC [Court of Federal Claims], indicates the

invasion of privacy becomes significant when personal information is linked to individual identity (<u>W.C.</u>, citing [<u>United States Dep't of State v. ]Ray</u>[, 502 U.S. 164 (1991)]), Chief Special Master's requirement that petitioner demonstrate a "*current and concrete*" specific interest to justify redaction is not in accordance with law. Indeed, nowhere in the Vaccine Act or caselaw is a standard of "current and concrete" defined or designated as the appropriate standard by which redaction is justified.

(emphasis in original; alterations added; internal references omitted).

Also in her Motion for Review currently before this court, petitioner articulates her concerns as to the negative impact to petitioner of the availability of a published vaccine decision which includes her name. Petitioner contends that if her full name is not redacted, it will be easy to connect her case to her mental health diagnosis and treatment. Petitioner states that "disclosure of her mental health conditions may adversely affect employment opportunities," including her future in the field of microbiology, immunology, and vaccines because "anything that may suggest a connotation of an antivaccine sentiment (such as a claim of vaccine injury) would be detrimental to my future goals." Petitioner also argues that her concerns are not "speculative and inchoate" as suggested by the Chief Special Master, but that, "college serves as the foundation of an individual's career, often involving internships and networking that *create* a career." (emphasis in original). In further support, petitioner states she "has already spent time in scientific labs to further her career." Specifically, petitioner states in her Motion for Review:

> First and foremost, the Court's Damages Decision discusses a brain injury, as well as mental health diagnoses and treatment. Damages Decision, page 5 (discussing "severe" depression, anxiety and post traumatic stress disorder, as well as treatment with three (3) prescription medications) and page 10 (discussing that depression, anxiety and adjustment disorder appear to be unrelated to her vaccine injury). As petitioner explained, "Mental health issues continue to carry a stigma in our society, and I do not wish for such details, derived from private medical records, to be published on the internet."

(alteration added; internal reference omitted).[4]

---

[4] As noted above, in the Motion for Review currently before this court, unlike in petitioner's previous Motions to Redact, although still concerned about making her medical information public, petitioner only asks that her name and her mother's name be redacted to initials and that only her birth year be publishable, and not her birth date and month, presumably so that it would be more difficult to connect petitioner with her medical information in the future.

In addition, petitioner argues before this court:

> The Third Redaction Order denying redaction of the Damages Decision cannot be reconciled with his [the Chief Special Master's] First Redaction Order granting redaction of the Entitlement Ruling. Approximately eighteen (18) months elapsed between the First and Third Redaction Orders, during which petitioner reached the age of majority, which serves as the only change in circumstances upon which redaction was denied.

(alteration added). Petitioner argues that she "has demonstrated that the circumstances of her claim justify redaction under governing law and legal guidance, but has also demonstrated a specialized showing of harm that would result from disclosure of her medical history and mental health history in connection with her identity." Moreover, in her Motion for Review, petitioner also argues that "the Chief Special Master's denial of redaction in petitioner's case is inconsistent with his rulings in other recent cases."

Respondent, however, argues that "petitioner fails to show any error by the Chief Special Master in denying redaction." Quoting Chief Special Master Corcoran's February 1, 2023 Order Denying the Motion to Redact the January 3, 2023 Decision Awarding Damages, respondent argues that "petitioner has identified no concrete, particularized reason that publication of certain details regarding her medical history would constitute a 'clearly unwarranted invasion of privacy.'" Further, respondent argues that "the Chief Special Master considered petitioner's arguments that publication could negatively impact a future career in scientific research. But he found that the envisioned harm 'remains speculative and inchoate,' as petitioner '*anticipates* harm that does not emanate from some demonstrated existing interest.'" (emphasis in original). Citing the Chief Special Master's February 1, 2023 Order Denying Redaction of the January 3, 2023 Decision Awarding Damages, respondent asserts "there is a significant Program interest in not having every case caption in the Program reduced to initials." Respondent, again quoting the Chief Special Master, claims:

> The Court now has a standard practice of redacting minors' names to initials, but the parents and/or guardians remain named, thus allowing for intelligible identification of case precedent. Here, as noted, petitioner is no longer a minor; thus, standard practice would be to include her name in the case caption and the Damages Decision now that she is an adult. As the Chief Special Master noted: "Redaction also creates some administrative issues for the Court, and makes it more difficult to distinguish cases from each other. It thus must be reserved for the limited cases where it is demonstrably appropriate."

By their very nature, cases brought under the Vaccine Act, filed with the Office of Special Masters, involve personal and medical information. The court recognizes that each different vaccine, when administered to different petitioners with different medical histories, can result in individualized medical reactions and can require specific medical treatment. Therefore, each case requires careful individualized analysis when ruling on

entitlement, damages, fees, and redaction requests.[5] Regarding redaction, the Vaccine Act articulates a standard of "a clearly unwarranted invasion of privacy" to determine whether or not to redact information when requested. See 42 U.S.C. § 300aa-12(d)(4)(B)(ii).[6] Furthermore, the Vaccine Rules contemplate a method for redactions as Vaccine Rule 18(b) provides, in part: "A decision of the special master or judge will be held for 14 days to afford each party an opportunity to object to the public disclosure of any information furnished by that party. . . ." Vaccine Rule 18(b).

As indicated above, in his February 1, 2023 denial of petitioner's request to redact the January 3, 2023 Decision Awarding Damages, the Chief Special Master cited to a number of earlier vaccine decisions. The Chief Special Master explained

> it is important that special masters apply the standards set in Langland and W.C. carefully when redaction is requested—and ensure that a sufficiently specific showing has been made before allowing it. Redaction cannot be treated as a secret, "off the menu" item that is readily provided to claimants who know to ask for it, but denied to all others who fail to so move—even though it is highly likely such claimants would also prefer the facts of their specific case not be disclosed. Even though the relief sought by redaction requests may seem quite minimal, and may not in most cases inhibit the policy goals of publishing vaccine injury decisions, there must be *some* standards applied when determining whether to grant it. If it is readily

---

[5] The Chief Special Master himself recently recognized the individualized nature of Vaccine Act cases, when considering a claim for the pain and suffering, the Chief Special Master noted in footnote,

> Respondent averred that Petitioner's injury is comparatively less severe, and thus, should not receive the statutory maximum. Nevertheless, Respondent accepted Graves [v. Secretary of Health and Human Services, 109 Fed. Cl. 579 (2013)] "to the extent it calls for an individualized assessment of damages based on the specific facts of a petitioner's case," – which is in fact the proper the focus of the analysis.

Campbell v. Sec'y of Health & Hum. Servs., No. 20-381V, 2023 WL 1512589, at *5 (Fed. Cl. Spec. Mstr. Feb. 3, 2023) (alteration added; internal citations omitted).

[6] The court recognizes that the Vaccine Act directs that upon the filing of a petition, a petitioner's name generally is made public by including his or her name in the Federal Register. This notice, as quoted above, however, is only a notice that a complaint has been filed and this posting does not contain substantive medical information. See 42 U.S.C. § 300a-12(b)(2) ("Within 30 days after the Secretary receives service of any petition filed under section 300aa–11 of this title the Secretary shall publish notice of such petition in the Federal Register."). As described above, the notice in petitioner's case stated in full: "Linda Chen on behalf of K.N., Boston, Massachusetts, Court of Federal Claims, No. 17-0722V."

awarded on thin grounds, then the question is raised why *all* Program petitioners do not receive it, as well.

(emphasis in original). Although the Chief Special Master cites both <u>Langland</u> and <u>W.C.</u>, and their respective interpretations of the redaction standard in the Vaccine Act, 42 U.S.C. § 300a-12(d)(4)(B)(ii), the Chief Special Master's February 1, 2023 Order denied the current petitioner's redaction request because she had not "made out a *current*, concrete specific interest that justifies redaction," (emphasis in original), which was not the standard that was stated or applied in either <u>Langland</u> or in <u>W.C.</u>

In 2011, in <u>W.C. v. Secretary of Health and Human Services</u>, the Special Master assigned to the case denied the motion to redact the petitioner's name to initials, arguing that there is a common law right to public access to judicial files. <u>See</u> <u>W.C. v. Sec'y of Health & Hum. Servs.</u>, 100 Fed. Cl. at 459–60. On a motion for review, the reviewing United States Court of Federal Claims Judge found that the issue of redaction required statutory interpretation of the Vaccine Act and, therefore, was subject to <u>de novo</u> review. <u>See id.</u> at 457 (citing <u>Hawkins v. United States</u>, 469 F.3d 993, 1000 (Fed. Cir. 2006)). The Judge's decision in <u>W.C.</u> stated that the court "treats the issue of redaction as a question of law with a relatively minimal attendant question of applying law to the facts." <u>Id.</u> The Judge in <u>W.C.</u> also compared the privacy provisions of the Vaccine Act to provisions in the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(6) (2006). <u>See</u> <u>W.C. v. Sec'y of Health & Hum. Servs.</u>, 100 Fed. Cl. at 458 (stating that the government must make information publicly available except for "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"). The Judge in <u>W.C.</u> further relied on the FOIA "balancing of interests" test in his decision, stating, 5 U.S.C. § 552(b)(6) "requires the Court to balance 'the individual's right of privacy' against the basic policy of opening 'agency action to the light of public scrutiny.'" <u>W.C. v. Sec'y of Health & Hum. Servs.</u>, 100 Fed. Cl. at 459 (quoting <u>United States Dep't of State v. Ray</u>, 502 U.S. at 175). Not deferring to the Special Master's decision, the reviewing Judge in <u>W.C.</u> stated that the purposes of the Vaccine Act are not served by requiring the petitioner's name to be disclosed to the public and indicated that "[s]uch disclosure may discourage potential petitioners from filing new cases, thus tending to inhibit public awareness of vaccines and their risks." <u>Id.</u> at 460 (alteration added). Weighing the <u>W.C.</u> petitioner's privacy interest against the public interest regarding disclosure under the Vaccine Act, the Judge in <u>W.C.</u> reversed the Special Master's denial of the motion to redact, and redacted the petitioner's name, who was not a minor when his case was filed, to initials in the entitlement decision, and the Special Master's decision on redaction. <u>See id.</u> at 461.

Also in 2011, in <u>Langland v. Secretary of Health and Human Services</u>, a husband and wife filed a petition on behalf of their minor child, who had received a vaccine. The <u>Langland</u> Special Master indicated that Congress had conferred authority on the Special Masters only to redact a specific subset of information as outlined in 42 U.S.C. § 300aa–12(d)(4)(B)(i) and (ii), including information, which if disclosed, would constitute "a clearly unwarranted invasion of privacy." <u>See</u> <u>Langland v. Sec'y of Health & Hum. Servs.</u>, 2011 WL 802695, at *6. According to the <u>Langland</u> Special Master's decision:

While Congress did not state explicitly in section 12(d)(4)(B)(ii) what it intended by information which, if disclosed, would constitute a clearly unwarranted invasion of privacy, "Congress does not legislate in a vacuum." Ortega v. Holder, 592 F.3d 738, 743 (7th Cir. 2009). Among other sources of law, Congress legislates "against a backdrop that includes the decisional law of the Supreme Court." Hispanos Unidos v. Virgin Islands, 314 F. Supp. 2d 501, 504 (D. Vi. 2004) (citing Sea–Land Serv., Inc. v. United States, 874 F.2d 169 (3d Cir. 1989)). Thus, the privacy interests typically recognized by federal courts provide guidance as to the meaning of the terms "clearly unwarranted invasion of privacy." The judiciary's tradition of public access to decisions, exemplified by its strict limitations on permitting filings under seal, supports construing the Vaccine Act to restrict redaction.

Langland v. Sec'y of Health & Hum. Servs., 2011 WL 802695, at *7. The Langland Special Master found that the petitioners had not satisfied the criteria for redaction of medical information or made a special showing that disclosure was "clearly unwarranted." See id. at *8. The Langland Special Master also cited to the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899 (2002), codified as amended at 44 U.S.C. § 3501 note (2006). See Langland v. Sec'y of Health & Hum. Servs., 2011 WL 802695, at *2–3. The Langland Special Master limited the scope of identifying information that should be redacted to require a showing of "particularized harm outweighing the public interest in disclosure," id. at *8, as "consistent with the traditional presumption affording public access to judicial actions and serves the Vaccine Act's express purpose in promoting public awareness of vaccine safety." Langland v. Sec'y of Health & Hum. Servs., 2011 WL 802695, at *6; see also 42 U.S.C. § 300aa–12(d)(4)(b). The Langland Special Master only partly granted the Langland petitioners' request "by replacing the name of their minor child with initials and redacting the child's birth date," see Langland v. Sec'y of Health & Hum. Servs., 2011 WL 802695, at *11, but denied petitioner's request to redact "'any other identifying information, such as case number, or name or location or medical facilities or providers,'" and denied "redaction of any information that may have come from or been part of any medical file, including any reference to a medical condition, disease, or injury." See id. at *2.

Petitioner in the above captioned case argues that both the approach taken by the Special Master in Langland v. Secretary of Health and Human Services, 2011 WL 802695, and the approach taken by the Judge of the United States Court of Federal Claims in W.C. v. Secretary of Health and Human Services, 100 Fed. Cl. 440, "can be read in concert to support redaction in petitioner's claim," (emphasis in original), and that, therefore, "Petitioner's request for redaction satisfies the analyses in both Langland and W.C." With respect to the case of Langland v. Secretary of Health and Human Services, as it applies to the case currently before this court, petitioner states:

> Langland included redaction of the minor's full name to initials and redaction of the minor's birthdate in the body of the Court's Entitlement Ruling. In the present case, petitioner's vaccine injury occurred when she was ten (10) years old, and her subsequent treatment continued throughout her

adolescence. Her vaccine claim was pending in the Program from May 2017 through January 2023. Because the processing of her claim took almost six (6) years to reach adjudication, she reached the age of majority. The privacy afforded to minor petitioners in this Program should not be hastily cast aside simply because the processing of the claim was protracted and the minor reached the age of majority, especially when the injury and bulk of the treatment occurred while petitioner remained a minor. Doing so essentially renders any privacy afforded to minors null and void from the start.

(emphasis in original). Petitioner highlights in her Motion for Review, that the Judge in W.C. "found that linking the disclosure of personal medical history with an individual's identity can constitute an unwarranted invasion of privacy, and therefore redacted the petitioner's full name to initials in order to satisfy both interest in individual privacy of medical information and public disclosure of information surrounding vaccine injuries."

The Chief Special Master's February 1, 2023 Order, however, does not contain meaningful analysis of the petitioner's case as guided by Langland or W.C., nor other relevant caselaw. The Chief Special Master's February 1, 2023 Order rather notes that, citing his September 6, 2022 Order Denying Redaction: "My prior redaction orders set forth the general legal parameters governing redaction requests in the Vaccine Program, and I incorporate them by reference herein." The Chief Special Master stated in his prior Order Denying Redaction in petitioner's case, issued on September 6, 2022:

As I have noted in previous decisions concerning redaction, W.C. and Langland set forth two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. Applying the Langland standard, special masters have held that a petitioner seeking redaction of a ruling or decision must establish a "compelling reason, tailored to meet the individual interest it serves"—a general preference for privacy is not enough, even if reasonable in nature. Andrews v. Sec'y of Health & Human Servs., No. 08-0396V, 2014 WL 3294656, at *5 (Fed. Cl. Spec. Mstr. June 4, 2014) (quoting Langland, 2011 WL 802695, at *7–8). Based on the language of the Vaccine Act itself, and the provisions in it discussing redaction, "a petitioner requesting redaction of a decision must [] make an affirmative, factual showing that redaction is proper" to prevail. See Castagna v. Sec'y of Health & Human Servs., No. 99-411V, 2011 WL 4348135, at *10 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

W.C., by contrast, emphasizes that a petitioner's privacy interests should be balanced against "the public purpose of the Vaccine Act" in the same manner as such interests are balanced under the FOIA (given the similarities of its privacy provisions). W.C., 100 Fed. Cl. at 460–61. In so doing, "unwarranted" or "significant" invasions of privacy occasioned by disclosure of sensitive information weigh in favor of redaction. Id. The standard W.C. applies to redaction requests is thus somewhat more lenient, as it asserts that the "right to access public records in civil cases" that

counsels in favor of the disclosure of names and other sensitive information need not be as carefully guarded in Vaccine Program cases, which are statutorily intended to be more summary and less in adversarial nature. Id. at 460. As W.C. reasons, because Vaccine Program decisions serve the purpose of disseminating information about possibly adverse vaccine reactions, disclosure of a petitioner's name or information about her illness is not always necessary to effectuate that purpose. Id.

(alteration in original). Although the previous September 6, 2022 Order provides more explanation regarding the standards articulated in Langland and W.C., Chief Special Master Corcoran did not fully apply the standard of either decision in his February 1, 2023 Order denying petitioner's request to redact the January 3, 2023 Decision Awarding Damages.

In the February 1, 2023 Order, the Chief Special Master also cited two of his own prior decisions for support of his decision to deny the petitioner's redaction request: S.B. v. Secretary of Health and Human Services, No. 14-918V, which addressed a request for redaction of a case caption prior to the public issuance of a decision, and K.L. v. Secretary of Health and Human Services, 2015 WL 11882259, in which the Chief Special Master addressed redaction of an Interim Fee Decision, as requiring a "*current*, concrete specific interest that justifies redaction." (emphasis in original).

In S.B. v. Secretary of Health and Human Services, Chief Special Master Corcoran granted a request for redaction of the case caption, prior to the issuance of a decision. The Order issued by Chief Special Master Corcoran granting the redaction stated in its entirety:

On September 29, 2014, [petitioner] filed a petition seeking compensation under the National Vaccine Injury Compensation Program. Petitioner subsequently filed a motion to amend the case caption to reflect only his initials (rather than his full name) on November 21, 2014. Thereafter, on February 27, 2015, I issued an order denying Petitioner's motion on the grounds that the request was premature.

On March 13, 2015, Petitioner renewed his request to redact the case caption, citing the potential adverse effect revealing his medical information could have on his professional career (including future employment opportunities). I discussed this request with the parties during a status conference in this case on February 8, 2016. Respondent indicated that she still believes that the request is premature, but she did not voice a substantive objection.

Although no decision has yet issued in the case, the nature of the facts alleged (as elucidated in Petitioner's recent expert report) suggests to me that it is appropriate to grant the leave sought by Petitioner. Accordingly,

I have now agreed to amend the case caption to reflect only Petitioner's initials.

S.B. v. Sec'y of Health & Hum. Servs., No. 14-918V (alterations and emphasis added).

K.L. v. Secretary of Health and Human Services is the second of his own cases cited by the Chief Special Master in his February 1, 2023 Order denying the current petitioner's request for redaction in the January 3, 2023 Decision Awarding Damages. In K.L., the Chief Special Master originally denied redaction of an interim fees decision because he found that petitioner K.L. had only asserted "in conclusory fashion that disclosure in the Interim Fee Decision of her name and/or information about the illnesses she alleges she has experienced after receipt of the HPV [Human Papillomavirus] vaccine would constitute an unwarranted invasion of privacy." K.L. v. Sec'y of Health & Hum. Servs., 123 Fed. Cl. 497, 505 (2015) (alteration added).[7] Thereafter, in an unpublished decision, the Chief Special Master indicated that

---

[7] In K.L. v. Secretary of Health and Human Services, after the Chief Special Master denied the initial motion to redact the Interim Fees Decision, the K.L. petitioner filed a motion for review which was assigned to the undersigned. At the time, the undersigned denied the motion to review, stating that the Chief Special Master's decision from an unpublished interim fees decision, "cannot be determined to be obviously arbitrary and capricious." K.L. v. Sec'y of Health & Hum. Servs., 123 Fed. Cl. at 509. The undersigned, however, explained:

> If the undersigned had been the original reviewer of petitioner's Interim Petition for Attorney Fees and Costs, the court would not have included the medical information the Special Master gratuitously inserted at the beginning of his Interim Fees Decision, which denied the petitioner's request for such fees and costs. The medical information included by the Special Master was not of any relevance to the reasoning offered in support of his rejection of the interim fees and costs award.

Id. The undersigned also stated, at the time

> Petitioner's independent disclosure of her condition to her employer suggests that she is responsible for managing her condition and weakens her claim that her primary concern is that employers might find out from public court documents that she has a medical condition. Moreover, the Special Master left the door open in his Order denying the Motion for Redaction and his Order denying the Motion for Reconsideration to a future request to redact medical information or other information from the record and future opinions, once the case has progressed further. The Special Master explained his standard, stating that redaction may be appropriate if petitioner offers a "particularized showing that her personal circumstances or employment would cause the disclosure of such information to be more invasive or harmful to her than to other Vaccine Program petitioners," or

17

Ms. L [K.L.] has now offered a second affidavit in an attempt to substantiate why disclosure of those injuries in the Interim Fees Decision is harmful to her, and it significantly strengthened her grounds for seeking redaction. Accordingly, upon review of the information provided, I find that Ms. L's Supplemental Motion for Reconsideration remedies the deficiencies in her argument that caused me to deny the original Redaction Motion (as well as the Motion for Reconsideration). Ms. L has now demonstrated that the Interim Fees Decision contains information the disclosure of which rises to the level of an unwarranted invasion of privacy.

K.L. v. Sec'y of Health & Hum. Servs., 2015 WL 11882259, at *2 (alteration added; internal reference omitted). In the January 3, 2023 Decision Awarding Damages, the Chief Special Master stated that the standard for redaction was the "unwarranted invasion of privacy" standard, however, in his February 1, 2023 Order denying redaction, the Chief Special Master stated that the K.L. case had applied the "*current*, concrete specific interest that justifies redaction" standard. (emphasis in the January 3, 2023 Decision Awarding Damages).

As indicated above, in his February 1, 2023 Order denying petitioner's Motion to Redact the January 3, 2023 Decision Awarding Damages, the Chief Special Master

"*after* a substantive decision has been issued that discusses the petitioner's symptoms in sufficient detail to constitute a 'clearly unwarranted' invasion of privacy." (emphasis in original). Although the undersigned is not convinced a comparative standard between petitioners, rather than a case-by-case analysis, is appropriate, the Special Master did invite petitioner to continue to more explicitly demonstrate any potential negative impacts on her current or future circumstances at a later date in order to convince him that all or part of the record warrants redaction. The undersigned also is not convinced that waiting for a final entitlement decision is proper, if redaction otherwise would be appropriate.

Id. at 508–09. Moreover, the undersigned indicated:

Although not directing the Special Master to redact his Interim Fees Decision, the court strongly urges the Special Master to reconsider his refusal to do so, and to consider redacting the medical information before the Special Master's Interim Fees Decision and related documents submitted and decided as part of the Special Master's consideration of the Motion for Redaction and the Motion for Reconsideration are released to the public, which, after investigation, it appears has not yet occurred. Different considerations may or may not be relevant when the Special Master issues a decision on the merits of petitioner's case. This court addresses only petitioner's request with respect to the Special Master's Interim Fees Decision and subsequent litigation regarding that Decision.

Id. at 509.

stated he "incorporated" by reference the legal reasoning from his earlier September 6, 2022 Order which also denied redaction of the current petitioner's full name to initials in the case caption. In the February 1, 2023 Order, the Chief Special Master denied the current petitioner's request because

> she has not made out a *current*, concrete specific interest that justifies redaction—such as the fact that her employment is endangered by publication of her name or the fact of involvement in this case. See, e.g., S.B. v. Sec'y of Health & Hum. Servs., No. 14-918V, slip op. (Fed. Cl. Spec. Mstr. Feb. 9, 2016) (finding that petitioner had established that his professional life could be negatively impacted by knowledge of his claim and details relating to his medical treatment); K.L. v. Sec'y of Health & Hum. Servs., No. 12-312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr Oct. 30, 2015) (granting petitioner's renewed motion for redaction because she established that disclosure of her injuries would cause her harm in the employment context).

(emphasis in original). The Chief Special Master did not state in the S.B. case or in the K.L. case that the S.B. or K.L. petitioners had demonstrated a "*current*, concrete specific interest that justifies redaction." (emphasis in original). In fact, the indication that the Chief Special Master adopted the "*current*, concrete specific interest that justifies redaction" requirement in the S.B. case or the K.L. case is from the Chief Special Master's own subsequent orders denying the redaction requests by the current petitioner. (emphasis in original). Moreover, the Chief Special Master did not provide details about what made redaction appropriate or inappropriate in the S.B. case or in the K.L. case, or in his redaction decisions regarding the current petitioner. Each request for redaction must be made by applying the specifics in the case in which the redaction request is made, and the Chief Special Master did not provide the necessary analysis regarding the current petitioner to explain the specific circumstances which would make redaction inappropriate in the above captioned case. In addition, both the S.B. and K.L. cases differ from the current petitioner's case insofar as the current petitioner was a minor when her case was filed, during which time her name was redacted to initials, but she turned eighteen during the pendency of her case, and the Chief Special Master denied redaction to the current petitioner of her name thereafter. In contrast, both the S.B. and K.L. petitioners were not minors when their cases were filed or decided.

The Chief Special Master also cited to certain additional decisions issued by other Special Masters in his denial of the current petitioner's redaction request, specifically Jennings v. Secretary of Health and Human Services, No. 16-779V, 2020 WL 9259598 (Fed. Cl. Spec. Mstr. Sept. 15, 2020), and Anderson v. Secretary of Health and Human Services, No. 8-396V, 2014 WL 3294656 (Fed. Cl. Spec. Mstr. Jun. 4, 2014), to argue that the current petitioner's stated harm "remains speculative and inchoate" and, therefore, did not warrant redaction. In Jennings v. Secretary of Health and Human Services, the assigned Special Master found that petitioner, who was a minor when the case was filed, was not entitled to compensation due to receiving the HPV vaccination. See Jennings v. Sec'y of Health & Hum. Servs., 2020 WL 925958, at *7. The Jennings

petitioner requested that her medical records, which indicated that she had asthma, be redacted because it would have a stigmatizing effect on her college applications and potential employment, see id. at *3, the Special Master found insufficient justification for redaction because "Asthma does not seem to be a condition that carries any social stigma." Id. at *7. The Jennings Special Master denied Ms. Jennings' "request for a redaction of her name to initials or to eliminate all reference to medical conditions." Id. Although cited by the Chief Special Master in his February 1, 2023 Order, the Jennings v. Secretary of Health and Human Services case differs from the current petitioner's case because the possible employment harm alleged in Jennings was more remote than for the current petitioner who stated in her redaction requests that she was already pursuing a career in microbiology, immunology, and vaccines, and "has already spent time in scientific labs to further her career." Moreover, the Jennings petitioner sought redaction of "medical information," see id. at *1, and as described above, the current petitioner is not requesting redaction of medical information in her pending Motion for Review and she is now only requesting redaction of identifying personal information, including the full name of herself and her mother, and of petitioner's birth date and month.

In Anderson v. Secretary of Health and Human Services, 2014 WL 3294656, petitioners, who brought suit on behalf of their minor child, sought "deletion of any item of information that would link the identity of the petitioners to any personal medical, educational or related information." Id. at *1 (emphasis in original). The Anderson petitioners argued that the request for redaction was "'based primarily on their substantial need to protect the privacy of their minor child.'" Id. at *4. The Anderson Special Master found that "[r]ather than complying with the statute and establishing that the disclosure of particular information would constitute a clearly unwarranted invasion of privacy, petitioners assume they are entitled to protection from the disclosure of all educational and medical information contained in my ruling." Id. (alteration added). The Special Master in Anderson v. Secretary of Health and Human Services denied the Andersons' request for redaction because "they have failed to provide any specific reasons that the information (already known to many third parties) would damage their child." Id. at *8. The Anderson case differs from petitioner's redaction request currently under review because the Special Master in Anderson relied on the fact that the information sought to be redacted was "already known to many third parties," see id., a fact which has not been established in the current petitioner's case and was not a basis for the Chief Special Master to deny redaction in petitioner's case. Notably, the entire reference to Anderson in the Chief Special Master's February 1, 2023 Order was: "Anderson v. Sec'y of Health & Hum. Servs., No. 08-0396V, 2014 WL 3294656, at *9 (Fed. Cl. Spec. Mstr. June 4, 2014) ('speculative harm is not sufficient to justify redaction under § 12(d)(4)(B)(ii)')."

After review of the relevant statutes, rules, and cases, the information provided by petitioner in her Motions to Redact filed with the Chief Special Master, and in her current Motion for Review before this court, this court finds that, in the specific context of petitioner's case, there is limited public interest in the disclosure of this petitioner's full name or of the exact day and month of her birth, as previous orders and decisions in petitioner's case are not in the public domain with her full name and full birth date. The current petitioner was a minor when the initial petition was filed by her mother on her

behalf, and, therefore, at the time her full name automatically was redacted to only her initials. As described above, the prior Entitlement Ruling published by the Chief Special Master on July 2, 2021, solely referred to the current petitioner by her initials. Moreover, in the Chief Special Master's Order granting redactions in both the case caption and the body of the Entitlement Ruling, the Chief Special Master indicated that "leaving Petitioner's name unredacted would circumvent the benefit of the minor name redaction in this case, especially given the unique nature of medical harms alleged. The public purpose of the Vaccine Program is not otherwise furthered by identifying the name of the Petitioner herein." It was inconsistent, arbitrary, and capricious given the facts of petitioner's case for the Chief Special Master now to include petitioner's name, birth date and month in his published decision, just because she reached the age of eighteen, during the pendency of her case, especially given the extended length of the litigation, over six years, and that petitioner's name was redacted while she was a minor during most of the litigation in the case. See C.F. v. Sec'y of Health & Hum. Servs., No. 15-731V, 2023 WL 2583513, at *2 (Fed. Cl. Spec. Mstr. Mar. 21, 2023) ("Petitioner raises several persuasive points favoring her redaction request," including "even though petitioner is now an adult, the petition was initially filed at a time when she was a minor and she further stresses that the medical history at issue is her childhood medical history, which in the ordinary course would not be public. The Vaccine Rules generally provides [sic] for use of initials when identifying a minor. Here, because this case was filed on her behalf as a minor, she should not necessarily be held to the standard of anticipating at that time the ramifications of the future medical disclosures threatened by publication of the decision ultimately resolving this case." (alteration added; internal references omitted)). Considering each of petitioner's requests included in her Motion for Review: using petitioner's initials, and redacting her birth date and month, when weighed against leaving the year of her birth, as well as petitioner's mental health diagnoses and petitioner's prescription medications, makes sufficient information available, and allowing the medical information to be available to increase the body of vaccine information resulting in a balancing of the public interests and petitioner's interests in a fair and appropriate manner.

Therefore, given the applicable statutory and caselaw guidelines, as well as the history and specific facts of petitioner's case, and reviewing petitioner's Motion for Review of the February 1, 2023 Order Denying Petitioner's Motion to Redact the January 3, 2023 Decision Awarding Damages, the court finds petitioner's request to redact her name to initials and to redact her birth date and birth month, but leaving her birth year, reasonable, appropriate, and consistent with the history of her case, given petitioner's chosen professional field, balances the public's interest, and avoids "a clearly unwarranted invasion of privacy" in petitioner's case. Granting petitioner's more limited redaction request in her Motion for Review also will allow the building of a searchable body of caselaw to advise the public about vaccines, one of the aims of the Vaccine Act. See 42 U.S.C. § 300aa.

The court concludes, however, that, although inconsistent with the previous filings and the Chief Special Master's previous rulings, the Chief Special Master's determination not to redact petitioner's mother's name was not arbitrary and capricious as not "a clearly unwarranted invasion of privacy," 42 U.S.C. § 300aa-12(d)(4)(B)(ii), in the current

petitioner's case. Petitioner's mother is not the petitioner, is an adult and was an adult when she filed the petition, and she is not entitled to the same level of privacy protection under the Vaccine Act. See Langland v. Sec'y of Health & Hum. Servs., 2011 WL 802695, at *11. Moreover, as it relates to petitioner's arguments for redaction of her mother's name to initials, petitioner's mother's full name, both first and last, is different from petitioner's full name, first and last, making it more unlikely for a current or potential employer of petitioner, or for a researcher or reader, to connect the petitioner's vaccine case history to the current petitioner.

## CONCLUSION

Petitioner's Motion for Review of the Chief Special Master's February 1, 2023 Order Denying petitioner's Motion to Redact the January 3, 2023 Decision Awarding Damages is **GRANTED IN PART** and **DENIED IN PART**. With respect to published orders or decisions in petitioner's case, including the January 3, 2023 Decision Awarding Damages, petitioner's name shall be redacted to her initials and reference to her date of birth shall be limited only to her birth year. Petitioner's mother's name may remain unredacted.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**

22