# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-722V
(to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | Chief Special Master Corcoran |
| K.N., | * | |
| | * | |
| Petitioner, | * | Dated: August 30, 2023 |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Ronald Craig Homer,* Conway Homer, P.C., Boston, MA, for Petitioners.

*Naseem Kourosh*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On May 31, 2017, Linda Chen filed a claim filed on behalf of her then-minor child, K.N., for compensation pursuant to the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] K.N. became the named petitioner after she turned 18 years old. ECF No. 114. The Petition alleged that K.N. suffered from a neurological demyelinating disorder as a result of her receipt of a Tetanus-diphtheria-acellular pertussis vaccine on June 7, 2014. Petition (ECF No. 1) at 1. Petitioner's claim was successful, and she has received damages.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated August 3, 2023 (ECF No. 135). (Petitioner was previously granted interim fees on September 23, 2019. ECF No. 51). Petitioner requests a total of $86,661.18 in attorney's fees and costs

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

($79,195.90 in fees, plus $7,465.28 in costs) for the work of multiple attorneys, including Mr. Ronald Homer, Mr. Joseph Pepper, Ms. Christina Ciampolillo, Ms. Meredith Daniels, Ms. Lauren Faga, Mr. Patrick Kelly, at the law firm of Conway Homer, P.C. (the "Homer Firm"), and paralegals and law clerks, from June 2019 to the present date. ECF No. 135 at 1–2.

Respondent reacted to the fees request on August 16, 2023. *See* Response, August 16, 2023 (ECF No. 137). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$86,661.18**.

## ANALYSIS

### I.      Calculation of Fees

Because this claim was successful, Petitioner is entitled to a fees award. Determining the appropriate amount of that award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

|  | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|
| Ronald Craig Homer (Attorney) | $430 | $447 | $447 | $475 | $500 |
| Joseph Pepper (Attorney) | - | $355 | $355 | $415 | - |
| Christina Ciampolillo (Attorney) | $350 | $380 | $380 | $425 | $470 |
| Meredith Daniels (Attorney) | - | - | $350 | $410 | $455 |
| Lauren Faga (Attorney) | - | - | $330 | - | - |
| Patrick Kelly (Attorney) | $205 | $225 | - | $250 | $305 |
| Law Clerk | $155 | $165 | - | $180 | - |
| Paralegal | $145 | $155 | $155 | $170 | $185 |

ECF No. 135 at 5–28.

Attorneys at the Homer Firm have long been recognized to practice in forum, entitling them to commensurate rates established in *McCulloch*. *See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-369V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The requested rates for the specific attorneys in question (as well as the law clerk and paralegal work performed in this case) are also consistent with what has previously been awarded in accordance with the

Office of Special Masters's fee schedule.[3] *See Tafuri v. Sec. of Health & Human Servs.*, No. 18-1667V, 2020 WL 5032478, at \*1 (Fed. Cl. Spec. Mstr. July 24, 2020). I thus find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable,[4] and will therefore award it without adjustment.

## II.       Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at \*16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at \*4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $7,465.28 in outstanding litigation costs, including medical record retrieval costs, travel expenses for a client visit, and costs associated with the work of a single expert, Robert T. Stone, M.D. ECF No. 135 at 48. Dr. Stone authored two expert reports (ECF Nos. 28-1 and 35-1), and testified at the hearing, and submitted an invoice for a total of $6,000.00 (at an hourly rate of $400.00 for 15 hours of work). The total amount requested for his services was wholly reasonable for the work performed, and therefore reductions are unnecessary. All other requested costs in this matter appear reasonable, and they shall also be awarded in full without reduction.

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Aug. 16, 2023).

[4] Although I am aware that in past cases special masters have occasionally expressed concerns about the Homer Firm's propensity to have multiple lawyers "touch" the same case, I have not found that this has resulted in excess billing, as the firm's lawyers generally calibrate the amount of work performed on a matter in proportion to their expertise and seniority.

**CONCLUSION**

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety, and award a total of **$86,661.18,** reflecting $79,195.90 in fees and $7,465.28 in costs in the form of a check made jointly payable to Petitioner and her attorney, Mr. Ronald C. Homer.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

   **IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.